IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN ROSA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>X CORP.; X HOLDINGS CORP.; ELON MUSK; STEVE DAVIS; JOHN DOES 1-10 and ABC CORPS. 1-10,<br><br>　　　　　　Defendants. | Hon. Brian R. Martinotti<br>Case No.: 2:23-cv-22908-BRM-AME<br><br>**DECLARATION OF SEAN P. LYNCH IN SUPPORT OF DEFENDANT X CORP.'S MOTION TO COMPEL ARBITRATION**<br><br>Motion return date: April 15, 2024 |

SEAN P. LYNCH, of full age, hereby declares as follows:

1. I am an attorney with the law firm of Morgan Lewis & Bockius LLP, attorneys for Defendants X Corp., X Holdings Corp., Elon Musk and Steve Davis. As such, I am familiar with this matter and, in my role, am also familiar with the communications that Defendants' prior counsel at Quinn Emanual ("Quinn") had with Rosa's counsel and JAMS related to this matter.

2. In April 2023, Alan Rosa filed a demand for arbitration against Twitter under his Dispute Resolution Agreement ("DRA") with Twitter.

3. I understand that on July 13, 2023, Victor Tran—the JAMS case coordinator for Rosa's arbitration—emailed Twitter's counsel at Quinn requesting payment of fees.

4. When Quinn sought clarification as to "whether this invoice represents 50% of the applicable fees at this stage," Tran responded: "It has been determined that the Employment Minimum Standards apply in this matter. As such, Twitter is responsible for all the arbitration fees with the exception of Claimant's portion of the filing fee."  Attached hereto as **Exhibit A** is a true and correct copy of that email correspondence.

5. I further understand that on July 18, 2023, Quinn reached out to Rosa's counsel to discuss the language of the DRA, stating: "Section 6 of your client's arbitration agreement with Twitter provides that, where (as here) applicable law does not require Twitter to pay all fees for the arbitration, the fees are to be apportioned between the parties. Consistent with this agreement, Twitter is not prepared to pay more than half of the arbitrator fees. Do you agree to having JAMS issue invoices to each party for half the arbitrator fees?"  *See* Exhibit A.

6. Later on July 18, 2023, Rosa's counsel responded: "We do not agree." Rosa's counsel claimed that the incorporation of the JAMS Rules in DRA § 5 also incorporated JAMS' Minimum Standards, claiming arbitration was a condition of Rosa's employment, and trumped DRA § 6.  *See* Exhibit A.

7. On July 20, 2023, Quinn responded, stating Twitter's position that JAMS' policies cannot trump the "parties' substantive rights and responsibilities

2

under the agreement they both signed." Twitter also stated it "is prepared to pay its half of the arbitration fees," but "it will not pay more than that." *See* Exhibit A.

8. On July 21, 2023, JAMS case manager John Graber sent an email to counsel stating that JAMS would not assign the case to an arbitrator or schedule a preliminary conference until Twitter paid the "initial retainer." Mr. Graber also stated that, "after the initial deposits are paid, the parties can discuss this issue directly with the arbitrator." *See* Exhibit A

9. On July 31, 2023, Twitter's counsel reiterated that Twitter was "prepared to pay its half of the arbitration fees," but would not pay more because the Minimum Standards were inapplicable and did not negate the express terms of the parties' DRA. *See* Exhibit A.

10. On August 21, 2023, Mr. Graber emailed all counsel about another "option": Rosa could "advance the fees to move this arbitration forward" and then later "make an application for costs and fees to the arbitrator for consideration." *See* Exhibit A.

11. Rosa's counsel did not respond to this email. JAMS then sent several follow up emails to which neither party responded.

12. Attached as **Exhibit B** is a true and correct copy of the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness, effective

July 15, 2009 and last accessed on March 22, 2024 at https://www.jamsadr.com/files/Uploads/Documents/JAMS-Rules/JAMS_Employment_Min_Stds-2009.pdf.

  I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Dated: March 22, 2024             /s/ *Sean P. Lynch*
                             Sean P. Lynch, Esq.