# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ALAN ROSA,

        Plaintiff,

v.

X CORP.; X HOLDINGS CORP.; ELON MUSK; STEVE DAVIS; JOHN DOES 1-10 and ABC CORPS. 1-10,

        Defendants.

Hon. Brian R. Martinotti
Case No.: 2:23-cv-22908-BRM-AME

**ORAL ARGUMENT REQUESTED**

Motion return date: May 20, 2024

## DEFENDANTS ELON MUSK AND STEVE DAVIS'S
## REPLY IN SUPPORT OF THE MOTION TO DISMISS

Sean P. Lynch
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
(609) 919.6611
sean.lynch@morganlewis.com

*Attorney for Defendants Elon Musk and Steve Davis*

## TABLE OF CONTENTS

                                                                                                      **Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................1

ARGUMENT ...........................................................................................................2

      I.      Plaintiff's Opposition Makes No Valid Arguments in Support of Personal Jurisdiction Under Rule 12(b)(2). .....................................2

            A.     Plaintiff Has Waived Any Substantive Argument in Favor of Personal Jurisdiction. .................................................3

            B.     Plaintiff Does Not Establish Any Basis for the Court's Exercise of General Jurisdiction Over the Individual Defendants in New Jersey. ........................................................5

            C.     Plaintiff Does Not Establish Any Basis for the Court's Exercise of Specific Jurisdiction Over Musk or Davis in New Jersey. ..................................................................................6

      II.     Plaintiff Fails to Adequately Respond to the Individual Defendants' Arguments Under Rule 12(b)(6) for Failure to State a Claim. .................................................................................11

CONCLUSION ......................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................13

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)..................................................................................................1, 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)..................................................................................................4, 6

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. 2016)...............................................................................3

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .......................................................................................13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011).......................................................................................................6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)................................................................................................1, 10

*Jimenez v. T.D. Bank, N.A.*,
  No. 20-07699, 2021 WL 4398754 (D.N.J. Sept. 27, 2021)................................13

*Lawson v. Dick Sporting Goods, Inc.*,
  No. 22-01560, 2023 WL 2207421 (D.N.J. Feb. 24, 2023)..................................12

*Machulsky v. Hall*,
  210 F. Supp. 2d 531 (D.N.J. 2002)...............................................................................9

*Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros.*,
  983 F.2d 551 (3d Cir. 1993) .........................................................................................9

*Murphy v. Eisai, Inc.*,
  503 F. Supp. 3d 207 (D.N.J. 2020)...............................................................................6

*Nelligan v. Zaio Corp.*,
   No. 10-1408, 2011 WL 1085525 (D.N.J. Mar. 21, 2011) .................................. 10

*Person v. Teamsters Local Union 863*,
   No. 12-2293, 2013 WL 5676802 (D.N.J. Oct. 17, 2013) ............................... 4, 13

*Powell v. Verizon*,
   No. 19-8418, 2019 WL 4597575 (D.N.J. Sept. 20, 2019) .................................. 4

*Sathianathan v. Pac. Exch., Inc.*,
   248 F. App'x 345 (3d Cir. 2007) ....................................................................... 9

*Tripp v. Ascentage Pharma Grp. Int'l*,
   No. 22-5934, 2023 WL 5425506 (D.N.J. Aug. 23, 2023) .................................. 8

*Walden v. Fiore*,
   571 U.S. 277 (2014) ................................................................................. 5, 8, 9

## PRELIMINARY STATEMENT

In their Motion to Dismiss, Defendants Elon Musk and Steve Davis ("Individual Defendants") showed that this Court has no personal jurisdiction over them with respect to Plaintiff Alan Rosa's claims and that Plaintiff failed to state a claim against Musk or Davis for breach of contract or a WARN Act violation in any event. In his opposition brief, Plaintiff fails to respond to the arguments and case law the Individual Defendants presented. Instead, Plaintiff spends most of his opposition brief rehashing allegations against X Corp. and X Holdings Corp. ("Twitter") implicating the Dispute Resolution Agreement he entered with the company, only confirming the Individual Defendants do not belong in this case.

***First***, Plaintiff refuses to substantively respond to Musk and Davis's arguments against jurisdiction, never attempting to distinguish a single case showing there is no personal jurisdiction here. What little case law Plaintiff does cite plainly contradicts his position. And Plaintiff never explains how his claims "arise out of or relate to" conduct that the Individual Defendants "purposefully directed" at the forum—the undisputed requirement for jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). By dodging these arguments and refusing to provide case law in support of his position, Plaintiff has waived his claims. More than that: it reveals that jurisdiction is lacking here.

1

***Second***, while Plaintiff concedes his WARN Act claims cannot be asserted against Musk and Davis (and thus should be dismissed for failure to state a claim), Plaintiff hopes to preserve his breach of contract claim against the Individual Defendants despite not alleging he entered any contract with them. They indisputably are not parties to the Dispute Resolution Agreement—indeed, Plaintiff attached a copy to his opposition showing he and Twitter are the only parties to the agreement. As a result, even if the Court were to conclude that it has jurisdiction over the Individual Defendants, Plaintiff's breach of contract claim against them should be dismissed as well.

## ARGUMENT

**I.    Plaintiff's Opposition Makes No Valid Arguments in Support of Personal Jurisdiction Under Rule 12(b)(2).**

As a threshold matter, Plaintiff fails to respond to the Individual Defendants' arguments and cases and also fails to cite any case law supporting his arguments. Thus, he has waived his claims.

Regardless, the unsupported arguments that Plaintiff does make are baseless. Plaintiff insists that the Court has both general and specific personal jurisdiction over all Defendants because they "purposefully availed themselves of minimum contacts in New Jersey" by (1) "addressing [Plaintiff's] offer letter to him at his residence in New Jersey," (2) "having employed Plaintiff knowing he resided in New Jersey," and (3) "meeting with him on Google Meet to conduct business." Pl. Br. 24–27.

2

Those allegations (obviously) do not establish general jurisdiction over the Individual Defendants, who are not at home in New Jersey. As for specific jurisdiction, Plaintiff fails to address the Individual Defendants' foundational argument that it wa*s Twitter*, not Musk or Davis, who employed and later terminated Plaintiff, and that all his claims relate to Twitter's conduct. *See* Mot. 8–13. Indeed, the only conduct by the Individual Defendants that Plaintiff says has any connection to New Jersey (sporadic Google Meet calls while he (but not they) happened to be located there) (i) does not qualify as purposeful availment as a matter of law and (ii) do not give rise to his claims in any event. In other words, Plaintiff's allegations do not support a "prima facie case for the exercise of personal jurisdiction" over the Individual Defendants. *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (requiring the plaintiff to present a prima facie case by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state").

### A. Plaintiff Has Waived Any Substantive Argument in Favor of Personal Jurisdiction.

Aside from citing cases generally discussing the standard for jurisdiction in standard-of-review-style paragraphs (Pl. Br. 25–27, 28–29), Plaintiff cites ***no case law whatsoever*** in the argument sections of his brief (*id.* at 27–28, 29–30). He does not attempt to distinguish a single case the Individual Defendants cited showing there is no personal jurisdiction here. *See* Mot. 9–13. And he does not cite a single

3

case finding jurisdiction over individual defendants in similar circumstances, let alone supporting his arguments that any of his ***allegations*** as to Musk and Davis provide any ***legal support*** for jurisdiction here.  *See* Pl. Br. 23–30.

When a party purports to respond to the other party's motion but fails to present legal arguments or cite supportive case law in response, the Court may dismiss those claims as waived.  *See, e.g.*, *Powell v. Verizon*, No. 19-8418, 2019 WL 4597575, at *9 (D.N.J. Sept. 20, 2019) (finding plaintiff "conceded arguments where he failed to offer any substantive arguments in response"); *Person v. Teamsters Local Union 863*, No. 12-2293, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver.").  Because Plaintiff has not substantively responded to the Individual Defendants' arguments or cited case law supporting his position, this Court should dismiss Plaintiff's claims.

Moreover, what cases Plaintiff does cite when describing the standard for exercising jurisdiction plainly do not support him—instead undermining any argument for jurisdiction here.  For example, Plaintiff cites *Daimler AG v. Bauman*, in which the Supreme Court rejected the "grasping" view of general jurisdiction that Plaintiff asserts here and instead required "continuous and systematic" contacts with the forum state.  571 U.S. 117, 138 (2014).  Plaintiff never even argues (let alone shows with well-pleaded facts) that Musk or Davis have such contacts with the state.

4

Similarly, Plaintiff cites *Walden v. Fiore*, adopting the Individual Defendants' position by asserting that "[e]ven some tenuous contact by a defendant with the forum state by way of the plaintiff's injury (which is absent in this case) is insufficient to confer specific jurisdiction." Pl. Br. 26 (citing 571 U.S. 277, 290 (2014)). As Plaintiff explains, a defendant's conduct must "connect[] to the forum in a meaningful way," and the plaintiff's claims must arise from or relate to the defendant's "purposeful availment" of the forum. *Id.* at 26–27 (citing cases). Once again, however, Plaintiff points to no well-pleaded facts or cases showing these standards are satisfied here.

Plaintiff's waiver requires dismissal. In any event, as explained below, there clearly is no personal jurisdiction over the Individual Defendants with respect to his claims.

    **B.**    **Plaintiff Does Not Establish Any Basis for the Court's Exercise of General Jurisdiction Over the Individual Defendants in New Jersey.**

Neither Musk nor Davis is subject to general jurisdiction in New Jersey because neither is domiciled there. *See* Mot. 7. In response, Plaintiff just asserts that Musk and Davis are subject to general jurisdiction "having employed Plaintiff knowing he resided in New Jersey and meeting with him on Google Meet to conduct business," and given that the employee who replaced him works from home in New Jersey. Pl. Br. 25. None of those assertions has any possible relevance to general

5

jurisdiction. To start, it was Twitter who employed him—not Musk or Davis—and Plaintiff cannot dispute that Twitter is not "at home" in New Jersey. *See* Mot. 7 n.3 (citing *Daimler*, 571 U.S. at 137).

More importantly, Plaintiff refuses to grapple with the Individual Defendants' cited case law on general jurisdiction and domicile. *See id.* at 7 ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile.") (citing *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 223 (D.N.J. 2020); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Plaintiff provides evidence only that ***Plaintiff*** was "at home" in New Jersey, but no allegations that the Individual Defendants are or were at home there. Indeed, Plaintiff still "says nothing about Musk's or Davis's citizenship" at all. *Id.* Thus, this Court has no general personal jurisdiction over them.

### C. Plaintiff Does Not Establish Any Basis for the Court's Exercise of Specific Jurisdiction Over Musk or Davis in New Jersey.

In their opening brief, the Individual Defendants showed that they did not purposefully direct any activity at New Jersey, and Plaintiff's claims did not arise from or relate to any such activity. Mot. 8–13. Plaintiff's response on specific personal jurisdiction does not call this argument into any doubt. Instead, Plaintiff notes simply that: (1) he received an offer letter, pay stubs, and W2s at his home address in New Jersey, Pl. Br. 2, 8, 18; (2) he sporadically spoke to Musk and Davis over Google Meet to discuss work-related matters, and they supposedly knew he

6

worked (mostly but not exclusively) from home in New Jersey, *id.* at 2, 20, 27; (3) Plaintiff's replacement is a New Jersey resident, *id.* at 20; and (4) two agreements he entered with Twitter (the Dispute Resolution Agreement and Confidentiality Agreement) are governed by New Jersey law, *id.* at 19. Put simply, none of these things establishes personal jurisdiction over Musk or Davis.

To start, Plaintiff receiving an offer letter, pay stubs, and W-2s in New Jersey, being replaced by a New Jersey resident, and entering agreements with Twitter calling for New Jersey law ***have nothing to do with the Individual Defendants***, and thus cannot establish jurisdiction over them. As Plaintiff concedes, the agreements he references, including his employment agreement, were with Twitter—not Musk or Davis, neither of whom he alleges to have even transmitted or signed the agreements. *See, e.g.*, Pl. Br. 18–19 (claiming "Twitter … hir[ed] Plaintiff" and had him sign these agreements). He does not disagree with the Individual Defendants' argument (Mot. 9) that Twitter, not Musk or Davis, terminated him. *Id.* at 13–14 (conceding his allegations are that: "Twitter revoked" his company access; "Twitter provided no reason" for the termination; "Twitter" promised him a severance package; "Twitter advised" him it was put on hold; and so on). And he goes on to concede that his allegations are that ***Twitter*** did not follow through on ***its*** alleged agreements with him. *E.g., id.* at 16–17 ("Per the employment agreement, Twitter issued Restricted Stock Units … to Plaintiff"; "per the employment agreement, the

7

Company agreed to pay the Plaintiff a performance bonus award; "Twitter refused to reimburse Plaintiff" for business expenses). Plaintiff offers no citation or argument that any of these contacts with the company are relevant to personal jurisdiction over the Individual Defendants.

Indeed, the Individual Defendants specifically argued that a company's contacts cannot be imputed to executives for jurisdictional purposes (absent allegations supporting piercing the corporate veil) and cited case law in support. *See* Mot. 9–10. Plaintiff has not cited a single case holding the opposite. If these allegations against Twitter were enough to establish jurisdiction over Musk and Davis, then every CEO or supervisor could always be hauled into court wherever the company could be. That is not the law.[1]

As for allegations related to the Individual Defendants, to the limited contacts that Plaintiff alleged in his Complaint, *see* Mot. 10–11, Plaintiffs attempts to add just one more: that Musk and Davis supposedly "conduct[ed] business with Plaintiff on

---

[1] Even as to Twitter, these allegations do not support personal jurisdiction. For, "[a]n employee who works remotely from a home office … does not automatically subject his employer to the jurisdiction of his home state." *Tripp v. Ascentage Pharma Grp. Int'l*, No. 22-5934, 2023 WL 5425506, at *4 (D.N.J. Aug. 23, 2023) (declining to exercise specific jurisdiction over an employer when the employee happened to work remotely from his home in New Jersey). This is consistent with the Supreme Court's general principle that "[t]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Adopting Plaintiff's approach would expand the "minimum contacts" to the point of meaninglessness—especially in the post-pandemic world of remote work.

8

Google Meet fully aware that he was in his home in New Jersey." Pl. Br. 27. But that conclusory assertion cannot support the exercise of specific jurisdiction over the Individual Defendants. Plaintiff cites no cases holding that similar allegations are enough to establish specific jurisdiction over an out-of-state individual defendant.

The "standard" cases they do cite only highlight that purposeful availment requires more than mere "random, fortuitous, or attenuated contacts" with the forum state, Pl. Br. 27 (citing *Burger King*, 471 U.S. at 475), and that "tenuous contact … is insufficient to confer specific jurisdiction," *id.* at 26–27 (citing *Walden*, 571 U.S. at 286). That is exactly the situation.

Indeed, the Third Circuit has held (including in a case cited by Plaintiff, at 26) that a defendant's communication by phone, mail, or email into the forum state is not itself sufficient for purposes of establishing minimum contacts. *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros.*, 983 F.2d 551, 556 (3d Cir. 1993) (concluding that phone calls into the forum state do not show purposeful availment); *see also Machulsky v. Hall*, 210 F. Supp. 2d 531, 539 (D.N.J. 2002) (applying *Mellon*'s principle to mail and email communications). In relying on alleged Google Meet communications, Plaintiff's brief just ignores the Individual Defendants' argument that sporadic contacts via phone and email are not sufficient to establish personal jurisdiction. *See* Mot. 11–12 (citing, *e.g.*, *Sathianathan v. Pac. Exch., Inc.*, 248 F. App'x 345, 347 (3d Cir. 2007)).

9

The Individual Defendants also cited a case making clear that a defendant's knowledge that the plaintiff was working from home in New Jersey does not establish personal jurisdiction over a defendant for their communications. *See id.* at 12 (citing *Nelligan v. Zaio Corp.*, No. 10-1408, 2011 WL 1085525, at *5 (D.N.J. Mar. 21, 2011)). Again, Plaintiff does not respond—and cites no cases to the contrary. Nor does Plaintiff dispute that "Plaintiff's location was completely irrelevant to the substance or purpose" of any communications with Musk or Davis. *Id.* As a matter of law, even if it is true that Musk and Davis were "fully aware" that Plaintiff was in New Jersey when they corresponded via Google Meet, *see* Pl. Br. 20; Rosa Cert. ¶¶ 46–47, these communications are not sufficient to show that the Individual Defendants directed their activities toward the forum state.

Moreover, Plaintiff never even argues that these alleged conversations form the basis of, or relate to, any of his claims. Yet that is a bedrock requirement for any conduct to give rise to specific personal jurisdiction. *See* Mot. 13 (*Helicopteros Nacionales*, 466 U.S. at 414). That is an independent reason Plaintiff's allegations do not create specific personal jurisdiction.

Finally, while unclear, Plaintiff appears to argue that his allegations that the Individual Defendants somehow breached the Dispute Resolution Agreement (to which they are not parties) also create personal jurisdiction over them. *See* Pl. Br. 27–28. As noted below, Plaintiff has not plausibly alleged they breached any

10

agreement with him, so these implausible allegations cannot support jurisdiction. Nor does Plaintiff provide any factual support for the idea that Musk or Davis had any involvement in Twitter's alleged "refus[al] to pay the arbitration fees" that JAMS has insisted on (the supposed contractual breach). *Id.* at 28. And Plaintiff cites no case law supporting the idea that even if Musk or Davis were involved in that decision, it would create personal jurisdiction in New Jersey. This argument, too, fails.

Plaintiff has not established that this Court has personal jurisdiction over Musk or Davis. As a result, his claims against them should be dismissed.

## II. Plaintiff Fails to Adequately Respond to the Individual Defendants' Arguments Under Rule 12(b)(6) for Failure to State a Claim.

Plaintiff has voluntarily withdrawn his federal and state WARN Act claims (Counts VII and VIII) against Musk and Davis. Pl. Br. 21, 30. For the reasons explained by the Individual Defendants in their motion, and conceded by Plaintiff, this Court should dismiss those claims with prejudice.

Still, Plaintiff baselessly insists on pursuing his breach of contract claim (Count I) against the Individual Defendants. But Plaintiff has not plausibly alleged that Musk or Davis entered any contract with him, much less breached it.

Plaintiff spends one paragraph—which includes no citation to authority whatsoever—in his brief discussing the breach of contract claim. *See* Pl. Br. 30–31. But he completely fails to address the Individual Defendants' argument that

11

"Plaintiff offers no specific factual allegations about how Musk or Davis personally engaged him in a contract, or in the alternative, how they acted as an 'alter ego' of Twitter for purposes of its contracts." Mot. 13–14. He does not explain why he initially alleged that only he and Twitter were parties to the contract, Compl. ¶ 76, or why he failed to mention Musk or Davis in the "breach of contract" allegations entirely. Compl. ¶¶ 75–82.

Instead, Plaintiff begins with the conclusory statement that "Defendants Musk and Davis breached the Dispute Resolution Agreement entered with Plaintiff." Pl. Br. 30. He attaches the Dispute Resolution Agreement to his brief as Exhibit B, but fails to explain how Musk and Davis are implicated in an agreement made between the "Employee" and the "Company," and signed by the Chief Human Resources Officer on behalf of "Twitter, Inc." *See* Dkt. No. 12-5 at 4. As explained in the Individual Defendants' brief (Mot. 9), corporate actions may not be "imputed" without piercing the corporate veil. *Lawson v. Dick Sporting Goods, Inc.*, No. 22-01560, 2023 WL 2207421, at *4–5 (D.N.J. Feb. 24, 2023). And Plaintiff makes no argument in support of doing so here.

Plaintiff also goes on a fishing expedition, claiming in his introduction that he "needs discovery … to determine who is responsible for breach of Plaintiff's employment agreements." Pl. Br. 2–3. But he ignores that he has not even ***alleged*** any involvement by either Individual Defendant. Unalleged possibilities plainly

12

cannot defeat a motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," dismissal is warranted (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009))). Nor does he explain how that discovery could possibly support a breach of contract claim against individuals (like Musk and Davis) who are not parties to the contract that was allegedly breached.

Plaintiff has not substantively addressed the Individual Defendants' Rule 12(b)(6) argument with respect to the breach of contract claim. As with the jurisdictional arguments, Plaintiff has waived his response because he fails to cite any supporting case law in favor of a substantive opposition. *See Jimenez v. T.D. Bank, N.A.*, No. 20-07699, 2021 WL 4398754, at *6 (D.N.J. Sept. 27, 2021) (granting dismissal of claims where "Plaintiffs' cited case law does not support their argument"); *Person*, 2013 WL 5676802, at *2. The Court should dismiss Plaintiff's breach of contract claim against Musk and Davis under Rule 12(b)(6).[2]

## CONCLUSION

For these reasons and those in the Motion to Dismiss, the Individual Defendants ask the Court to dismiss all Plaintiff's claims against them for lack of

---

[2] In his Opposition, Plaintiff also states that he will seek to file an amended complaint with respect to the breach of contract claim. Pl. Br. 31. The Court should deny this request as futile. Any argument Plaintiff makes with respect to the Dispute Resolution Agreement **between Plaintiff and Twitter** will not cure the core defect here—the Individual Defendants were never parties to that agreement.

personal jurisdiction under Rule 12(b)(2) or, alternatively, to dismiss Counts I, VII, and VIII—the latter two of which Plaintiff concedes should be dismissed—against Musk and Davis for failure to state a claim under Rule 12(b)(6).

| | |
|---|---|
| Dated:  May 13, 2024 | Respectfully submitted, |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | */s/ Sean P. Lynch*  <br>Sean P. Lynch <br>502 Carnegie Center <br>Princeton, NJ  08540 <br>(609) 919.6611 <br>sean.lynch@morganlewis.com |
| | *Attorney for Defendants Elon Musk and Steve Davis* |

14